Filed: 3/12/21  P. v. Paulino CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B298401 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA138096-02) |
| v. | |
| DELBERT PAULINO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Reversed and remanded with directions.

Winston Kevin McKesson for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Analee J. Brodie and

Amanda Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Delbert Paulino, convicted in 2011 of first degree felony murder, appeals the superior court's postjudgment order denying his petition for resentencing under Penal Code section 1170.95,[1] arguing the court abused its discretion in determining, without issuing an order to show cause and conducting an evidentiary hearing, he could still be convicted of felony murder as a major participant in kidnapping for robbery who had acted with reckless indifference to human life.  As we recently held in *People v. Harris* (Feb. 16, 2021, B300410) __ Cal.App.5th ___ [2021 Cal.App. Lexis 127] (*Harris*), a jury's felony-murder special-circumstance finding under section 190.2, subdivisions (a)(17) and (d), prior to 2015 does not necessarily preclude relief under section 1170.95 in light of the Supreme Court's subsequent clarification in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) of the requirements for finding a felony-murder special-circumstance allegation true.  Here, because the record of conviction does not establish Paulino's ineligibility for resentencing as a matter of law, we reverse the superior court's ruling and remand with directions to issue an order to show cause and to proceed in accordance with section 1170.95, subdivision (d).

_____

[1]     Statutory references are to this code.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Paulino's Felony-murder Conviction*

As summarized in our opinion affirming Paulino's convictions following a retrial (*People v. Paulino* (Nov. 4, 2014, B239878 & B246625) [nonpub. opn.]),[2] Paulino, Austin Hemsley, Gerald McKenzie and Equilla Jones devised a plan to rob Aundra Boykins, who had been dating Jones and had been seen carrying large amounts of cash. On the evening of January 3, 1996 the three men followed Jones and Boykins to a motel. As Jones was parking in the motel lot, Paulino stopped his car directly behind her. Hemsley and McKenzie got out, grabbed Boykins and forced him into the backseat of Paulino's car. As the other men held Boykins, Paulino used duct tape to secure Boykins's hands behind his back. Paulino then resumed driving while the others searched Boykins.

Boykins had only a small amount of cash in his possession. After being beaten by Hemsley and McKenzie, Boykins said he had a large sum of money in a closet at his home. While Paulino stayed with Boykins in the car, Hemsley and McKenzie went to Boykins's house to search for the money. They eventually returned empty-handed.

Paulino told the others that they should let Boykins go, but Hemsley refused. At Hemsley's direction, Paulino drove the group to a secluded area where Hemsley shot and killed Boykins.

---

[2] Paulino had previously been tried and convicted, but the judgment, affirmed on appeal, was set aside by the federal court in *Paulino v. Castro* (9th Cir. 2004) 371 F.3d 1083 and *Paulino v. Harrison* (9th Cir. 2008) 542 F.3d 692 based on violation of Paulino's constitutional rights under *Batson v. Kentucky* (1986) 476 U.S. 79.

3

After he was arrested some months later, Paulino admitted his involvement in the events to detectives during recorded interviews, which were played for the jury, and in a handwritten, signed statement. Paulino insisted he had not shot Boykins and did not intend for him to be killed. At trial Paulino testified he wanted to release Boykins once he realized the man did not have any money, but he feared he would be killed if he let Boykins go free.

The jury found Paulino guilty of first degree murder (§ 187, subd. (a)) with a special circumstance finding that the murder had occurred during the commission of a kidnapping for robbery (§ 190.2, subds. (a)(17), (d)), second degree robbery (§ 211) and kidnapping for robbery (§ 209, subd. (b)). As to each count the jury found true that a principal had been armed with a firearm during the commission of the crime (§ 12022, subd. (a)(1)). The trial court sentenced Paulino to life in prison without parole plus one year on the firearm enhancement.[3]

2. *Paulino's Petition for Resentencing*

On October 16, 2018 Paulino, represented by counsel, petitioned to have his murder conviction vacated and to be resentenced pursuant to section 1170.95, contending he could not

_____

[3]    On appeal Paulino argued only that the trial court had abused its discretion when it denied in part his motion for an in camera review of law enforcement personnel records pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 and had erred when it denied his postverdict motion to compel discovery of information related to the jury commissioner's method of allocating prospective jurors for assignment to local courthouses in Los Angeles County. Paulino specifically contended Black people were underrepresented in the jury venire for the Central District (downtown Los Angeles). We rejected both arguments.

4

be convicted of felony murder under amendments to sections 188 and 189 made by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), which would become effective January 1, 2019. Specifically, Paulino argued under new section 189, subdivision (e), he could not be found guilty of felony murder because he was not Boykin's actual killer, had not aided or abetted the kidnapping or robbery of Boykin with the intent to kill and had not been a major participant in the underlying felonies who had acted with reckless indifference to human life.

The prosecutor filed an opposition to resentencing on March 14, 2019, arguing the jury's special-circumstance felony-murder finding pursuant to section 190.2, subdivisions (a)(17) and (d), rendered Paulino ineligible for resentencing as a matter of law. The memorandum attached as exhibits the minute order from Paulino's January 26, 2012 sentencing hearing and a copy of a now-superseded version of CALCRIM No. 703, the felony-murder special-circumstance instruction, developed for use sometime after the 2015 decision in *Banks*, *supra*, 61 Cal.4th 788—that is, three years after Paulino's trial. The instruction actually given at Paulino's trial was not provided to the court.[4]

On March 15, 2019, without allowing time for Paulino's counsel to file a reply to the prosecutor's memorandum and without appearances by any party, the superior court denied the petition, finding Paulino ineligible for resentencing based on the

---

[4] The version of CALCRIM No. 703 read to Paulino's jury stated, without elaboration, "A person acts with reckless indifference to human life when he or she knowingly engages in criminal activity that he or she knows involves a grave risk of death."

jury's special circumstance finding, which not only had been affirmed on appeal, but also, according to the court, had been unsuccessfully challenged in 2016 by a petition for writ of habeas corpus following the Supreme Court's decision in *Banks*, *supra*, 61 Cal.4th 788.[5]  As an independent ground for denying the petition, the court ruled Senate Bill 1437 and section 1170.95 are unconstitutional—an argument the Attorney General does not advance on appeal.[6]

## DISCUSSION

1. *Senate Bill 1437 and the Section 1170.95 Petition Procedure*

Senate Bill 1437 eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839

---

[5]     In its ruling the superior court stated, "In 2016, Paulino filed a petition for writ of habeas corpus and asserted the jury's special circumstances finding should be voided due to the passage of *People v. Banks* (2015) 61 Cal.4th 788, 803.  On April 28, 2016, the Court rejected his claim and held his participation was substantial and clearly qualified as the acts of a 'major participant' in the special circumstance murder in this case.  The Court is unaware of any attempt to appeal that decision[,] and it would appear to constitute a final decision on this issue."  Neither the petition referred to by the court nor the court's order denying it is part of the record on appeal.

[6]     The superior court's constitutional concerns have been thoroughly considered and persuasively rejected in a number of comprehensive opinions (e.g., *People v. Marquez* (2020) 56 Cal.App.5th 40; *People v. Johns* (2020) 50 Cal.App.5th 46; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270; *People v. Lamoureux* (2019) 42 Cal.App.5th 241) and need not be addressed yet again by this court.

(*Gentile*))[7] and significantly limited the felony-murder exception to the malice requirement for murder, permitting a murder conviction for a death that occurred during the commission of certain serious felonies only when the defendant was the actual killer, aided or abetted the underlying felony with the intent to kill, or was a major participant in the felony and acted with reckless indifference to human life.  (See, e.g., *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236, review granted Mar. 10, 2021, S266652; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1080.)

Senate Bill 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  (See *Gentile, supra,* 10 Cal.5th at pp. 852-853.)  The petition must include a declaration the petitioner is eligible for relief under section 1170.95 and a statement whether the petitioner requests the appointment of counsel.  (§ 1170.95, subd. (b)(1); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326-327 (*Verdugo*), review granted Mar. 18, 2020, S260493.)

---

[7]     New section 188, subdivision (a)(3), provides, "Except as stated in subdivision (e) of Section 189 [governing felony murder], in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  By requiring proof of malice except in cases of felony murder, Senate Bill 1437 thus eliminated natural and probable consequences liability for murder "regardless of degree."  (*Gentile, supra,* 10 Cal.5th at pp. 848, 851.)

7

If the petition contains all required information, section 1170.95, subdivision (c), prescribes a process for the court to determine whether an order to show cause should issue: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

As we held in *Verdugo*, *supra,* 44 Cal.App.5th at page 328, review granted, this language authorizes the superior court to proceed in two steps, "one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief—and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief." (Accord, *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054, review granted Sept. 23, 2020, S263939; *People v. Drayton* (2020) 47 Cal.App.5th 965, 975; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 118, review granted Nov. 10, 2020, S264684 [section 1170.95, subdivision (c), contemplates only one prima facie review before an order to show cause issues].)[8]

---

[8] The disagreement between *Verdugo*, *supra*, 44 Cal.App.5th 320, review granted, and the many subsequent cases that have agreed with our interpretation of section 1170.95, subdivision (c), on the one hand, and *People v. Cooper*, *supra*, 54 Cal.App.5th 106,

Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1); see *Verdugo*, *supra*, 44 Cal.App.5th at p. 327, review granted.) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3); *People v. Rodriguez*, *supra*, 58 Cal.App.5th at p. 230, review granted; *People v. Lopez* (2020) 56 Cal.App.5th 936, 949, review granted Feb. 10, 2021, S265974; but see *People v. Duke* (2020) 55 Cal.App.5th 113, 123, review granted Jan. 13, 2021, S265309 [prosecutor must only prove a reasonable jury could find the defendant guilty of murder with the requisite mental state; "[t]his is essentially identical to the standard of substantial evidence"].)[9] The prosecutor and petitioner may rely on the

---

review granted, on the other, will likely be resolved by the Supreme Court in *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598, in which briefing and argument have been limited to the following issues: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?"

[9]    In granting review in *People v. Duke*, S265309, the Supreme Court limited the issue to be briefed and argued to the following: "Can the People meet their burden of establishing a petitioner's ineligibility for resentencing under Penal Code section 1170.95, subdivision (d)(3) by presenting substantial evidence of the petitioner's liability for murder under Penal Code sections 188 and 189 as amended by Senate Bill No. 1437 (Stats. 2018, ch. 1015), or must the People prove every element of

9

record of conviction or offer new or additional evidence to meet their respective burdens.  (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898-899, review granted Aug. 12, 2020, S263219; *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 981.)

> 2. *Paulino May Challenge the Special Circumstance Finding in a Section 1170.95 Petition*

> a.  Banks *and* Clark

Section 189, subdivision (e), which permits a felony-murder conviction only when specified facts relating to the defendant's individual culpability have been proved, incorporates in subdivision (e)(3) the same requirements for proving the defendant acted with reckless indifference to human life as a major participant in one of the identified serious felonies as necessary for a felony-murder special-circumstance finding under section 190.2, subdivision (d).  The factors properly considered in assessing such a felony-murder special-circumstance finding were clarified in *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522, several years after Paulino's retrial and conviction.

In *Banks* the Supreme Court identified factors courts should consider in determining whether a defendant was a "major participant" under section 190.2, subdivision (d):  "What role did the defendant have in planning the criminal enterprise that led to one or more deaths?  What role did the defendant have in supplying or using lethal weapons?  What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other

---

liability for murder under the amended statutes beyond a reasonable doubt?"

participants?  Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death?  What did the defendant do after lethal force was used?" (*Banks*, *supra*, 61 Cal.4th at p. 803, fn. omitted.)

In both *Banks* and *Clark* the Court explained that, to determine whether the defendant acted with reckless indifference, courts must "look to whether a defendant has "'knowingly engag[ed] in criminal activities known to carry a grave risk of death.'"" (*Banks*, *supra*, 61 Cal.4th at p. 801.)  As further refined in *Clark*, "reckless indifference" "encompasses both subjective and objective elements.  The subjective element is the defendant's conscious disregard of risks known to him or her. . . .  [R]ecklessness is also determined by an objective standard, namely what 'a law-abiding person would observe in the actor's situation.'" (*Clark*, *supra*, 63 Cal.4th at p. 617.)

The Supreme Court in *Clark* identified a series of considerations relevant to determining whether a defendant had acted with reckless indifference to human life (with some obvious overlap with the major-participant factors specified in *Banks*).  Among others, was the defendant aware that guns would be used; did the defendant himself or herself use a gun; did the defendant have an opportunity to reduce the overall risk of violence during the felony or to aid the victim; did the defendant know his or her cohorts were likely to use lethal force? (*Clark, supra,* 63 Cal.4th at pp. 618-622.)  Specifically with respect to the facts before it, the *Clark* Court emphasized, "[W]hile the fact that a robbery involves a gun is a factor beyond the bare statutory requirements for first degree robbery felony murder, this mere fact, on its own and with nothing more presented, is not sufficient to support

11

a finding of reckless indifference to human life for the felony-murder aider and abettor special circumstance." (*Id*. at p. 618.)[10]

> b. *The jury's pre-*Banks/Clark *felony-murder special-circumstance finding does not preclude relief as a matter of law*

The felony-murder special-circumstance allegation required the jury to find that Paulino had acted with reckless indifference to human life and as a major participant in the robbery-kidnapping that resulted in Boykin's death (§ 190.2, subds. (a)(17), (d)). The Attorney General argues the jury's finding precludes relief under section 1170.95 as a matter of law and insists any challenge to the evidentiary support for that

---

[10] The Supreme Court in *Banks* and *Clark* did not expressly require that juries be instructed on the factors it had identified. Optional language describing those factors has been added to CALCRIM No. 703; and the bench notes expressly direct the trial court to determine whether the *Banks* and *Clark* factors "need be given." Accordingly, it is not necessarily the case that a post-*Banks*/*Clark* jury will have received instructions that differ from those given to a pre-*Banks*/*Clark* jury that made a major participant/reckless indifference finding. Nonetheless, posttrial, appellate and postconviction review of a felony-murder special-circumstance finding after *Banks* and *Clark* must consider the factors, issues and questions posited in those cases. (See, e.g., *In re Scoggins* (2020) 9 Cal.5th 667, 671 [habeas petitioner's conduct did not support a finding of reckless indifference to human life under *Banks* and *Clark* notwithstanding affirmance on direct appeal of a pre-*Banks* and *Clark* robbery-murder special-circumstance finding]; *In re Bennett* (2018) 26 Cal.App.5th 1002 [granting habeas relief and vacating robbery-murder special circumstance finding in light of *Banks* and *Clark* notwithstanding prior opinion affirming the special circumstance finding].)

finding based on *Banks* and *Clark* had to be made by petition for writ of habeas corpus. Although this position has been upheld in several court of appeal decisions, we rejected it in *Harris*, *supra*, __ Cal.App.5th ___, as have several other courts of appeal, as contrary to the language and intent of section 1170.95.

As we explained in *Harris*, *supra*, __ Cal.App.5th at page ___, a section 1170.95 petition challenges the murder conviction, not the special circumstance finding. (See *People v. York* (2020) 54 Cal.App.5th 250, 260 (*York*), review granted Nov. 18, 2020, S264954 ["section 1170.95 permits a petitioner to challenge a *murder conviction*. If that challenge succeeds, then under section 1170.95, subdivision (d)(3), the special circumstance is vacated as a collateral consequence"].) To be sure, section 189, subdivision (e)(3), as amended by Senate Bill 1437, is now "the same as the standard for finding a special circumstance under section 190.2[, subdivision] (d) as the former provision expressly incorporates the latter." (*In re Taylor* (2019) 34 Cal.App.5th 543, 561; accord, *York*, at p. 258 ["[t]he language of section 189, subdivision (e)(3), as amended by Senate Bill 1437, tracks the language of the special circumstance provision"].) But "[w]hat permits a defendant convicted of felony murder to challenge his or her murder conviction based on the contention that he or she was not a major participant in the underlying felony who acted with reckless indifference to human life, are the changes Senate Bill 1437 made to sections 188 and 189, and in particular the addition of section 189, subdivision (e)(3), not the rulings in *Banks* and *Clark*." (*York*, at p. 261.) Thus, Paulino's petition is made possible by the changes made to section 189, not because of the clarifications made in *Banks* and *Clark*. (See § 1170.95, subd. (a)(3) [allowing petition if "the petitioner could

not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019"].)

Similarly, although Paulino's jury was instructed that to find true the special-circumstance allegation under section 190.2, subdivisions (a)(17) and (d), it had to find he aided and abetted the robbery and kidnapping that led to the victim's death while acting as a major participant with reckless indifference to human life, the same element now found in section 189, subdivision (e)(3), that pre-*Banks*/*Clark* finding, without more, does not preclude relief under section 1170.95. (See *In re Scoggins* (2020) 9 Cal.5th 667, 673-674 ["Where a decision clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision. [Citation.] "In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error'"]; *York*, *supra*, 54 Cal.App.5th at p. 262, review granted ["a pre-*Banks* and *Clark* special circumstance finding—necessarily made on the basis of our former, and significantly different, understanding of what the terms 'major participant' in the underlying felony and 'reckless indifference' to human life meant—does not preclude relief under section 1170.95 as a matter of law"]; *People v. Law* (2020) 48 Cal.App.5th 811, 825, review granted July 8, 2020, S262490 ["the trial court erred by concluding the special circumstance finding, on its own, rendered Law ineligible for relief—that is, the court erred by failing to determine whether Law qualified as a major participant who acted with reckless indifference to human life under *Banks* and

14

*Clark*"]; *People v. Torres, supra,* 46 Cal.App.5th at p. 1180, review granted [because no court has affirmed the special circumstance findings at issue post-*Banks* and *Clark*, "[t]here is therefore a possibility that Torres was punished for conduct that is not prohibited by section 190.2 as currently understood"]; but see *People v. Nunez* (2020) 57 Cal.App.5th 78, 93, review granted Jan. 13, 2021, S265918) [disagreeing with *York, Law* and *Torres*].)

We disagree with the Attorney General's additional argument that section 1170.95, subdivision (d)(2), supports his position that a pre-*Banks/Clark* felony-murder special-circumstance finding necessarily has preclusive effect. That subdivision provides, "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." The Attorney General posits a negative pregnant, contending that this provision means section 1170.95 relief is available only if a jury's felony-murder special-circumstance finding has been successfully overturned by a habeas petition. But as observed by the court in *York* in rejecting this argument, "We find it significant that the Legislature made no provision for the consequence of a prior finding by a court or a jury that a petitioner *was* a major participant and *did* act with reckless indifference to human life. If the Legislature had intended such a finding automatically to preclude eligibility for relief, it could have said so." (*York, supra,* 54 Cal.App.5th at pp. 260-261 (fn. omitted), review granted; see *People v. Smith* (2020) 49 Cal.App.5th 85, 94, review granted July 22, 2020, S262835 ["[t]here is no corresponding provision indicating that a jury's

15

prior special circumstance true finding, or a Court of Appeal's affirmation thereof, operates as an automatic statutory bar to eligibility"]; see also *People v. Murphy* (2001) 25 Cal.4th 136, 159 ["the Legislature has shown that when it wants a sentence calculated without consideration of some circumstance, it knows how to use language clearly expressing that intent"].)

      c.  *The record of conviction does not establish Paulino is ineligible for resentencing as a matter of law*

Although the jury's pre-*Banks*/*Clark* felony-murder special-circumstance finding, without more, does not preclude resentencing under section 1170.95, the superior court was authorized to review the record of conviction, including this court's opinion affirming Paulino's convictions, to determine whether he was ineligible for resentencing under section 1170.95 as a matter of law.  (See *Verdugo*, *supra*, 44 Cal.App.5th at p. 330, review granted ["[t]he record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189"]; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [record must show defendant is "indisputably ineligible for relief"].)  However, in making that determination—that is, in evaluating whether a petitioner has made a prima facie showing he or she is entitled to relief—the superior court cannot engage in factfinding, as the superior court did in this case.  As the court of appeal explained in *People v. Drayton*, *supra*, 47 Cal.App.5th at page 980, "The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter

16

of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subdivision (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (Accord, *People v. Perez* (2020) 54 Cal.App.5th 896, 903-904, review granted Dec. 9, 2020, S265254; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1165-1166.)

Even without attempting to evaluate the significance of a post-*Banks*, pre-*Clark* order denying the petition for writ of habeas corpus, which was briefly described by the superior court in its ruling,[11] Paulino's status as a major participant in the

---

[11] As discussed, neither the petition for writ of habeas corpus nor the superior court's order is in the appellate record. Without providing any additional detail about that proceeding, the Attorney General, while stating the issue "is not necessarily based on law of the case or collateral estoppel," nonetheless argues, "A defendant's prior failure to obtain *Banks/Clark* relief on habeas review necessarily means the existing special circumstance conviction remains in effect." (But see *Gomez v. Superior Court* (2012) 54 Cal.4th 293, 305, fn. 6 ["the summary denial of a habeas corpus petition does not establish law of the case and does not have a res judicata effect in future

kidnapping-robbery of Boykins seems irrefutable: At the outset of the crime, he used his car to block Jones and Boykins in the motel parking lot so his confederates could capture Boykins. Once Boykins was in Paulino's car, Paulino used duct tape to restrain Boykins and drove around while the other two men searched Boykins for cash. Then Paulino kept Boykins captive, rather than releasing him, while the other two men searched Boykins's home. Finally, at Hemsley's direction Paulino drove the group to a secluded area near a freeway off-ramp, where Hemsley shot Boykins multiple times.

The evidence of Paulino's reckless indifference to human life when viewed in light of *Clark*, *supra*, 63 Cal.4th 522 is not nearly as clear. Most significantly, Paulino consistently insisted—during police interviews and again when testifying at trial—that he tried to persuade Hemsley and McKenzie to let Boykins go free once they learned he had nothing worthwhile to steal and that his continued participation in holding Boykins and driving to the murder site was prompted by his own fear of the other two perpetrators. In addition, although Paulino was carrying a gun, he testified he never took it out during the course of the robbery-kidnapping and also testified in the prior robbery he had committed with Hemsley the victim had neither been beaten nor shot. That testimony, not contradicted at trial, was not inconsistent with a pre-*Banks/Clark* finding of reckless indifference, but precludes a finding, as a matter of law, that Paulino was willing to assist in killing Boykins if necessary to successfully complete the robbery. (See *Clark*, at p. 617 [reckless indifference encompasses a willingness to assist another in

proceedings"]; *People v. Torres*, *supra*, 46 Cal.App.5th at p. 1180, fn. 6, review granted [same].)

18

killing to achieve a particular goal, even if the victim's death was not specifically intended].) Factfinding following an evidentiary hearing is necessary to determine whether Paulino could be convicted of felony murder under the current version of section 189, subdivision (e), and, therefore, is ineligible for relief under section 1170.95.

## DISPOSITION

The order denying Paulino's section 1170.95 petition is reversed, and the matter remanded with directions to issue an order to show cause and to proceed in accordance with section 1170.95, subdivision (d).


PERLUSS, P. J.


We concur:



SEGAL, J.



FEUER, J.

19